Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Jamie Fountain (SBN 316567)
jfountain@blakelylawgroup.com
**BLAKELY LAW GROUP**
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

**Attorneys for Plaintiff**
**Abercrombie & Fitch Trading, Co.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABERCROMBIE & FITCH TRADING, CO., an Ohio Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE FRAGRANCE OUTLET, INC., a Florida Corporation; PERF OPCO, LLC, a Delaware Limited Liability Company; and OBSESSION HOLDINGS, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendant. | CASE NO.:2:23-cv-2051<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**<br><br>2. **FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**<br><br>3. **TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW**<br><br>4. **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.***<br><br>5. **UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff **Abercrombie & Fitch Trading, Co.** ("Abercrombie" or "Plaintiff") for its Complaint against **Defendants The Fragrance Outlet, Inc.** ("**The Fragrance Outlet**"); **Perf Opco, LLC** ("**Perf Opco**"); **Obsession Holdings, Inc.** ("**Obsession Holdings**") and DOES 1-10 (collectively "Defendants") alleges as follows:

1
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## JURISDICTION AND VENUE

1. This action arises out of Defendants' complicit and unlawful acts constituting trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), for related claims under the statutory and common law of the State of California.

2. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendants because Defendants conduct continuous and systematic business in this district, placed infringing products in the stream of commerce directed to residents of this district, derived commercial benefits from the sale of infringing products and caused injuries to Plaintiff within the Central District of California.

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, and 28 U.S.C. § 1400(b) because Defendants committed acts of infringement in this judicial district.

## THE PARTIES

5. Plaintiff Abercrombie & Fitch Trading, Co. is a corporation organized and existing under the laws of the state of Ohio with an office and principal place of business located at 6301 Fitch Path, New Albany, Ohio 43054. Abercrombie operates retail outlets throughout the United States, including within this district. Abercrombie has been, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, clothing and other goods under multiple world-famous common law and federally registered trademarks, including those identified in Paragraph 10 below.

6. Upon information and belief, Defendant The Fragrance Outlet, Inc. is a

corporation organized and existing under the laws of the state of Florida with an office and principal place of business located at 11920 Miramar Parkway, Miramar, Florida 33025.

7. Upon information and belief Defendant Perf Opco, LLC, is a limited liability company organized and existing under the laws of the state of Delaware with an office and principal place of business located at 11920 Miramar Parkway, Miramar, Florida 33025.

8. Upon information and belief, Defendant Obsession Holdings, Inc. is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located at 11920 Miramar Parkway, Miramar, Florida 33025.

9. Abercrombie is informed and believes that, together with The Fragrance Outlet, Perf Opco, and Obsession Holdings other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including The Fragrance Outlet, Perf Opco, and Obsession Holdings) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to Abercrombie.  Abercrombie will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

A. **Abercrombie's Trademark Rights**

10. Abercrombie is the owner of all rights in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively the "Abercrombie Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| ABERCROMBIE & FITCH | 1,999,665 | September 10, 1996 | IC 003 – Cologne |
| FIERCE | 2,713,598 | May 6, 2003 | IC 003 - Personal care products namely, fragrances |
| ABERCROMBIE | 3,343,871 | November 27, 2007 | IC 003 - Fragrances, namely, colognes and perfumes |
| ABERCROMBIE & FITCH | 4,361,667 | July 2, 2013 | IC 003 - Body lotion; Body spray used as a personal deodorant and as fragrance; Body sprays; Cologne; Deodorants for personal use; Fragrances for personal use; Hair shampoos; Perfume and Shower and bath gel |

The Abercrombie Marks are used in conjunction with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the Abercrombie Marks are attached hereto as Exhibit "1."

11. The above U.S. registrations for the Abercrombie Marks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Abercrombie Marks constitute prima facie evidence of their validity and of Abercrombie's exclusive right to use the Abercrombie Marks pursuant to 15 U.S.C. § 1057(b). The Abercrombie Marks have been used exclusively and continuously by Abercrombie and have never been abandoned.

12. The Abercrombie Marks have been used in interstate commerce to identify and distinguish Abercrombie's quality goods for an extended period of time and the Abercrombie Marks have been used by Abercrombie long prior in time to Defendants' use of copies of the Abercrombie Marks

13. The Abercrombie Marks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As a result, the Abercrombie Marks are both famous marks and valuable assets. As such, Abercrombie has built substantial goodwill in the Abercrombie Marks, which is of incalculable and inestimable value to Abercrombie.

14. The Abercrombie Marks have been widely promoted, both in the United States and throughout the world, and are famous and widely recognized trademarks. In fact, Abercrombie expends substantial resources developing, advertising and otherwise promoting the Abercrombie Marks.

15. Abercrombie extensively uses, advertises, and promotes the Abercrombie Marks in the United States in association with the sale of quality goods and has carefully monitored and policed the use of the Abercrombie Marks.

16. The Abercrombie Marks are distinctive signifying to the purchaser that the products come from Abercrombie and are manufactured to Abercrombie's quality standards. All genuine Abercrombie products are inspected and approved by or on behalf of Abercrombie prior to distribution and sale. As a result of Abercrombie's efforts, members of the consuming public readily identify merchandise bearing or sold under the Abercrombie Marks, as being quality goods sponsored and approved by Abercrombie.

17. Accordingly, the Abercrombie Marks have achieved secondary meaning as identifiers of quality goods.

18. Genuine goods bearing the Abercrombie Marks are widely legitimately advertised, promoted, and sold by Abercrombie to consumers in every state, including California, through Abercrombie & Fitch® retail stores and through the official abercrombie.com website.

**B.   Defendants' Infringing Activities**

19. Upon information and belief, Defendants are engaged in the wholesale and retail sale of fragrance products through The Fragrance Outlet and Perfumania

retail stores located nationwide, including stores within this judicial district, and through the websites fragranceoutlet.com and perfumania.com, which are available to consumers nationwide, including to those within this judicial district.

20. The present lawsuit arises from Defendants' design, manufacture, distribution, advertisement, marketing, offering for sale, and sale of fragrance products which infringe upon Plaintiff's rights to the Abercrombie Marks ("Accused Products"), exemplars of which are shown below, through Defendants' The Fragrance Outlet and Perfumania retail stores and websites fragranceoutlet.com and perfumania.com:

 

**Examples of Accused Products from The Fragrance Outlet**

 

**Examples of Accused Products from Perfumania**

21. Abercrombie is informed and believes and herein alleges that Defendants are competitors and have introduced the Accused Products into the stream of

commerce to exploit Abercrombie's reputation in the market established in the Abercrombie Marks, brand, and products.

22. Abercrombie has not granted a license or any other form of permission to Defendants with respect to any of its trademarks or other intellectual property.

23. Upon information and belief, Defendants may have sold additional products that infringe upon Abercrombie's trademarks or other intellectual property. Abercrombie will seek leave to amend as additional information becomes available through discovery.

24. Abercrombie is informed and believes and herein alleges that Defendants acted in bad faith and that Defendants' acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Accused Products with Abercrombie, or as to the origin, sponsorship, or approval of the Accused Products by Abercrombie.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting - 15 U.S.C. § 1114)

25. Abercrombie incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

26. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Abercrombie Marks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Abercrombie Marks are highly distinctive marks. Consumers have come to expect the highest quality from Abercrombie products sold, offered for sale, or marketed under the Abercrombie Marks.

27. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Abercrombie Marks without Abercrombie's permission.

28. Abercrombie is the exclusive owner of the Abercrombie Marks. Abercrombie's United States Registrations for the Abercrombie Marks are in full force and effect. Upon information and belief, Defendants have knowledge of Abercrombie's rights in the Abercrombie Marks, and are willfully infringing and intentionally using counterfeits of the Abercrombie Marks. Defendants' willful, intentional and unauthorized use of the Abercrombie Marks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit Accused Products among the general public.

29. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30. Abercrombie has no adequate remedy at law, and if Defendants' actions are not enjoined, Abercrombie will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Abercrombie Marks.

31. The injuries and damages sustained by Abercrombie have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit Abercrombie products.

32. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using any of the Abercrombie Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117 (b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

**(False Designations of Origin and False Descriptions - 15 U.S.C. § 1125(a))**

33. Abercrombie incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

34. Defendants' promotion, marketing, offering for sale, and sale of counterfeit Abercrombie products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Abercrombie or the origin, sponsorship, or approval of Defendants' counterfeit Abercrombie products by Abercrombie.

35. By using the Abercrombie Marks on counterfeit products, such as the Accused Products, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Accused Products.

36. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Accused Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

37. Abercrombie has no adequate remedy at law and, if Defendants' actions are not enjoined, Abercrombie will continue to suffer irreparable harm to its reputation and the goodwill of the Abercrombie brand.

38. In light of the foregoing, Abercrombie is entitled to injunctive relief prohibiting Defendants from using any of the Abercrombie Marks and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorney's fees, that Abercrombie has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq.*)**

39. Abercrombie incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

40. Defendants' misappropriation and unauthorized use of the Abercrombie Marks to promote the Accused Products are likely to confuse or mislead consumers

into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Abercrombie, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.* ("UCL").

41. Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of Abercrombie's rights in the Abercrombie Marks and with the intent to misappropriate Abercrombie's goodwill and reputation established in the Abercrombie Marks.

42. Defendants' conduct is unfair within the meaning of the UCL because it allows Defendants to benefit unjustly by virtue of the goodwill and positive reputation that members of the general public associate with Abercrombie and its products. As described herein, and on information and belief, Defendants have intentionally violated, and continues to violate, Abercrombie's rights in the Abercrombie Marks to enjoy the commercial benefits derived therefrom.

43. Defendants' conduct is fraudulent in violation of the UCL because Defendants are willfully and deliberately misleading the public by using in commerce reproductions, counterfeits, copies, and/or colorable imitations of authentic Abercrombie products.

44. This conduct is likely to confuse the public as to whether Defendants' products are somehow associated, affiliated, or connected with Abercrombie, or vice versa.

45. As a direct and proximate result of the foregoing acts, Abercrombie has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Abercrombie is entitled to all available relief provided for under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendant made on account of its deceptive, unfair, and fraudulent business practices. Furthermore, because Abercrombie has no adequate remedy at law for Defendants' ongoing

10
COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

unlawful conduct, Abercrombie is entitled to injunctive relief prohibiting Defendants from unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement under California Common Law)

46. Abercrombie incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

47. Abercrombie owns all rights, title, and interest in and to the Abercrombie Marks, including all common law rights in said marks.

48. Defendants, without authorization from Abercrombie, used and continue to use counterfeit designations that are identical to, substantially indistinguishable from, or confusingly similar to the Abercrombie Marks.

49. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' Accused Products originate from, or are affiliated with, sponsored by, or endorsed by Abercrombie.

50. Upon information and belief, Defendants acted with knowledge of Abercrombie's rights in the Abercrombie Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

51. Defendants' acts constitute trademark infringement in violation of the common law of the state of California.

52. Upon information and belief, Defendants made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

53. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

54. Defendants' acts have damaged and will continue to damage Abercrombie's reputation and brand, and Abercrombie has no adequate remedy at law.

# FIFTH CLAIM FOR RELIEF

## (Unfair Competition under California Common Law)

55. Abercrombie incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

56. Abercrombie owns and enjoys common law trademark rights to the Abercrombie Marks in California and throughout the United States.

57. Defendants' unlawful acts in appropriating rights in the Abercrombie Marks was intended to capitalize on Abercrombie's goodwill for Defendants' own pecuniary gains. Abercrombie has expended substantial time, resources and effort to obtain an excellent reputation for itself and the Abercrombie Marks. As a result of Abercrombie's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Abercrombie.

48. Defendants' unauthorized use of the Abercrombie Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Abercrombie.

49. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Abercrombie.

50. Defendants' acts constitute unfair competition under California common law.

51. Abercrombie has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from its unlawful conduct.

52. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Abercrombie in reckless disregard of Abercrombie's rights in the Abercrombie Marks. Said conduct was despicable and harmful to Abercrombie and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter Defendants from similar such conduct in the future.

53. Abercrombie has no adequate remedy at law.

58. In light of the foregoing, Abercrombie is entitled to injunctive relief prohibiting Defendants from using the Abercrombie Marks or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Abercrombie has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Abercrombie & Fitch Trading, Co. respectfully prays for judgment against Defendant The Fragrance Outlet, Inc., Perf Opco LLC, Obsession Holdings, Inc., and DOES 1-10 as follows:

1. An order permanently enjoining and restraining Defendants, their agents, servants, employees, officers, associates, and all persons acting in concert with any of them from using Abercrombie's Marks, or any marks, designs, works, confusingly similar/substantially similar thereto, including, but not limited to:

    a. manufacturing, designing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products, and/or any products which bear any of the Abercrombie Marks and/or any marks/designs identical, substantially similar, and/or confusingly similar thereto;

    b. engaging in any other activity constituting unfair competition with Abercrombie, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations associated with Abercrombie; and

    c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Abercrombie.

2. An order requiring Defendants to recall from any distributors and retailers and to deliver to Abercrombie for destruction or other disposition all remaining inventory of Accused Products, or other merchandise bearing the Abercrombie Marks and/or any marks/works confusingly similar thereto, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

3. An order requiring Defendants to file with this Court and serve on Abercrombie within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4. An order for an accounting of all gains, profits and advantages derived by Defendants on account of the unlawful acts complained of herein;

5. An award of all damages, including attorney's fees, that Plaintiff has sustained, and all gains, profits and advantages obtained by Defendants, and the costs of this action pursuant to 15 U.S.C. § 1117(a);

6. An award of attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b);

7. An award of statutory damages pursuant to 15 U.S.C. § 1117(c);

8. An award of damages equal to Defendants' profits and all damages sustained by Abercrombie as a result of Defendants' wrongful acts;

9. An award of punitive damages and Abercrombie's costs, attorneys' fees, and interest as allowed under all applicable federal statutes and California state laws; and

10. All other relief that the Court may deem just and proper.

Dated: March 20, 2023 **BLAKELY LAW GROUP**

By: /s/Jamie Fountain
Brent H. Blakely
Jamie Fountain
**Attorneys for Plaintiff**
**Abercrombie & Fitch Trading, Co.**

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Abercrombie & Fitch Trading, Co. hereby demands a trial by jury as to all claims in this Civil Action.

Dated:     March 20, 2023      **BLAKELY LAW GROUP**

By:    /s/  Jamie Fountain
Brent H. Blakely
Jamie Fountain
**Attorneys for Plaintiff
Abercrombie & Fitch Trading, Co.**