1   HANSON BRIDGETT LLP
RAFFI V. ZEROUNIAN, SBN 236388
2   rzerounian@hansonbridgett.com
777 S. Figueroa Street, Suite 4200
3   Los Angeles, California 90017
Telephone:   (213) 395-7620
4   Facsimile:   (213) 395-7615

5   HANSON BRIDGETT LLP
GARNER K. WENG, SBN 191462
6   gweng@hansonbridgett.com
ROSANNA W. GAN, SBN 325145
7   rgan@hansonbridgett.com
425 Market Street, 26th Floor
8   San Francisco, California 94105
Telephone:   (415) 777-3200
9   Facsimile:   (415) 541-9366

10  HONIGMAN LLP
DEBORAH J. SWEDLOW (Admitted *pro hac vice*)
11  bswedlow@honigman.com
315 East Eisenhower Parkway, Suite 100
12  Ann Arbor, MI 48103
Telephone:   (734) 418-4200
13  Facsimile:   (734) 418-4201

14  ***Attorneys for Defendants***
THE FRAGRANCE OUTLET, INC.,
15  PERF OPCO, LLC, and OBSESSION
HOLDINGS, INC.
16
[Additional Counsel Listed on Next Page]
17

18                **UNITED STATES DISTRICT COURT**

19                **CENTRAL DISTRICT OF CALIFORNIA**

20  ABERCROMBIE & FITCH                  Case No. 2:23-cv-2051-SVW-PD
    TRADING, CO., an Ohio Corporation,
21                                       **DEFENDANTS' ANSWER TO**
                 Plaintiff,              **PLAINTIFF'S COMPLAINT FOR**
22                                       **DAMAGES AND EQUITABLE**
             v.                          **RELIEF**
23
    THE FRAGRANCE OUTLET, INC., a         **DEMAND FOR JURY TRIAL**
24  Florida Corporation; PERF OPCO,
    LLC, a Delaware Limited Liability
25  Company; and OBSESSION
    HOLDINGS, INC., a Delaware
26  Corporation; and DOES 1-10, inclusive,

27             Defendants.              Judge:   Stephen V. Wilson

28

1

HONIGMAN LLP
Mary A. Hyde (Admitted *pro hac vice*)
mhyde@honigman.com
Jenna E. Saunders (Admitted *pro hac vice*)
jsaunders@honigman.com
155 N. Wacker Drive Suite 3100
Chicago, IL 60606-1734
Telephone:   (312) 701-9360
Facsimile:   (312) 701-9335

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:23-cv-2051-SVW-PD

19574109.2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   Defendants THE FRAGRANCE OUTLET, INC., PERF OPCO, LLC and

2   OBSESSION HOLDINGS, INC. ("Defendants") by and through their undersigned

3   counsel, for their Answer to ABERCROMBIE & FITCH TRADING, CO.'S

4   ("Plaintiff" or "Abercrombie") Complaint hereby state as follows:

5   Defendants deny each and every allegation contained in Plaintiff's Complaint,

6   except as specifically admitted or explained herein.  To the extent that the headings

7   or any other non-numbered statements in Plaintiff's Complaint contain any

8   allegations, Defendants deny each and every allegation.  Defendants' specific

9   responses to the numbered allegations are set forth below.

10   **JURISDICTION AND VENUE**

11   1.     In response to Paragraph 1 of the Complaint, Defendants admit that

12   Abercrombie purports to allege the causes of action in the Complaint.  Defendants

13   deny that any of Abercrombie's claims are valid or that Abercrombie is entitled to

14   any relief.  Except as expressly admitted herein, Defendants deny all remaining

15   allegations in Paragraph 1 of the Complaint.

16   2.     The allegations in Paragraph 2 of the Complaint consist of legal

17   conclusions to which no response is required.  To the extent a response is deemed

18   required, Defendants admit that Plaintiff asserts jurisdiction under 28 U.S.C.

19   §§ 1331 and 1338(a), but deny liability.  Except as expressly admitted herein,

20   Defendants deny all remaining allegations in Paragraph 2 of the Complaint.

21   3.     The allegations in Paragraph 3 of the Complaint consist of legal

22   conclusions to which no response is required.  To the extent a response is deemed

23   required, Defendants admit that Defendants The Fragrance Outlet, Inc. and Perf

24   Opco, LLC transact business in this district.  Except as expressly admitted herein,

25   Defendants deny all remaining allegations in Paragraph 3 of the Complaint.

26   4.     The allegations in Paragraph 4 of the Complaint consist of legal

27   conclusions to which no response is required.  To the extent a response is deemed

28   required, Defendants deny the allegations of Paragraph 4 of the Complaint.

19574109.2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**THE PARTIES**

5.     In response to Paragraph 5 of the Complaint, Defendants deny that Abercrombie's trademarks are world-famous.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 5 of the Complaint, and on that basis, deny all remaining allegations of Paragraph 5 of the Complaint.

6.     In response to Paragraph 6 of the Complaint, Defendants admit that Defendant The Fragrance Outlet, Inc. is a corporation organized and existing under the laws of the state of Florida with an office and principal place of business located at 11920 Miramar Parkway, Miramar, Florida 33025. Except as expressly admitted herein, Defendants deny all remaining allegations of Paragraph 6 of the Complaint.

7.     In response to Paragraph 7 of the Complaint, Defendants admit that Perf Opco, LLC, is a limited liability company organized and existing under the laws of the state of Delaware with an office and principal place of business located at 11920 Miramar Parkway, Miramar, Florida 33025.  Except as expressly admitted herein, Defendants deny all remaining allegations of Paragraph 7 of the Complaint.

8.     In response to Paragraph 8 of the Complaint, Defendants admit that Obsession Holdings, Inc. is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located at 11920 Miramar Parkway, Miramar, Florida 33025.  Except as expressly admitted herein, Defendants deny all remaining allegations of Paragraph 8 of the Complaint.

9.     Defendants deny the allegations of Paragraph 9 of the Complaint.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**A.     Abercrombie's Trademark Rights**

10.     In response to Paragraph 10 of the Complaint, Defendants admit that Exhibit "1" to the Complaint purports to be copies of Certificates of Registration for U.S. Trademark Registration Nos. 1,999,665, 2,713,598, 3,343,871 and 4,361,667, (the "Asserted Registrations").  Defendants lack knowledge or information

19574109.2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  sufficient to form a belief about the remaining allegations of Paragraph 10 and, on

2  that basis, deny all remaining allegations of Paragraph 10 of the Complaint.

3       11.    The allegations in Paragraph 11 of the Complaint consist of legal

4  conclusions to which no response is required.  To the extent a response is required,

5  Defendants lack knowledge or information sufficient to form a belief about the

6  allegations of Paragraph 11 and, on that basis, deny all allegations of Paragraph 11

7  of the Complaint.

8       12.    Defendants lack knowledge or information sufficient to form a belief

9  about the allegations of Paragraph 12 and, on that basis, deny the allegations of

10 Paragraph 12 of the Complaint.

11      13.    Defendants deny the allegations of Paragraph 13 of the Complaint.

12      14.    In response to Paragraph 14 of the Complaint, Defendants deny that the

13 Abercrombie Marks are famous or widely recognized. Defendants lack knowledge

14 or information sufficient to form a belief about the remaining allegations of

15 Paragraph 14 and, on that basis, deny the remaining allegations of Paragraph 14 of

16 the Complaint.

17      15.    Defendants lack knowledge or information sufficient to form a belief

18 about the allegations of Paragraph 15 and, on that basis, deny the allegations of

19 Paragraph 15 of the Complaint.

20      16.    In response to Paragraph 16 of the Complaint, Defendants lack

21 knowledge or information sufficient to form a belief about the allegations of

22 Paragraph 16 and, on that basis, deny the allegations of Paragraph 16 of the

23 Complaint.

24      17.    In response to Paragraph 17 of the Complaint, Defendants lack

25 knowledge or information sufficient to form a belief about the allegations of

26 Paragraph 17 and, on that basis, deny the allegations of Paragraph 17 of the

27 Complaint.

28

19574109.2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

18.     In response to Paragraph 18 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the allegations of Paragraph 18 and, on that basis, deny the allegations of Paragraph 18 of the Complaint.

**B.     Defendants' Infringement Activities**

19.     Defendants The Fragrance Outlet, Inc. and Perf Opco, LLC admit the allegations of Paragraph 19 of the Complaint.  Defendant Obsession Holdings, Inc. denies the allegations of Paragraph 19 of the Complaint.

20.     In response to Paragraph 20 of the Complaint, Defendants admit that the images in Paragraph 20 appear to show packaging and bottles of Abercrombie's Fierce product, but Defendants lack knowledge or information sufficient to form a belief about where the products depicted in the images were purchased and, on that basis, deny that the products were purchased at The Fragrance Outlet, Perfumania, or on thefragranceoutlet.com or perfumania.com.  Except as expressly admitted herein, Defendants deny all remaining allegations in Paragraph 20.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint.

22.     In response to Paragraph 22 of the Complaint, Defendants admit that Abercrombie has not granted a license or other form of permission to Defendants with respect to Abercrombie's trademarks or other intellectual property but deny that any such license or permission is required for Defendants to sell their goods. Except as expressly admitted herein, Defendants deny all remaining allegations of Paragraph 22 of the Complaint.

23.     Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement and Counterfeiting – 15 U.S.C. § 1114)

25.     In response to Paragraph 25 of the Complaint, Defendants repeat, reallege and incorporate by reference their answers to Paragraphs 1-24 of the

19574109.2
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  Complaint as though fully set forth herein.

2      26.    In response to Paragraph 26 of the Complaint, Defendants admit that

3  Plaintiff alleges claims of trademark infringement and counterfeiting in this case,

4  but deny liability. Except as expressly admitted herein, Defendants deny all

5  remaining allegations of Paragraph 26 of the Complaint.

6      27.    Defendants deny the allegations of Paragraph 27 of the Complaint.

7      28.    In response to Paragraph 28 of the Complaint, Defendants lack

8  knowledge or information sufficient to form a belief about the allegation that

9  Abercrombie is the exclusive owner of the Abercrombie Marks and, on that basis,

10  deny the same.  Defendants deny all remaining allegations in Paragraph 28 of the

11  Complaint.

12      29.    Defendants deny the allegations of Paragraph 29 of the Complaint.

13      30.    Defendants deny the allegations of Paragraph 30 of the Complaint.

14      31.    Defendants deny the allegations of Paragraph 31 of the Complaint.

15      32.    In response to Paragraph 32 of the Complaint, Defendants admit that

16  Plaintiff purports to seek injunctive relief and damages in this action, but deny that

17  Plaintiff is entitled to any relief, including injunctive relief, in this action.  Except as

18  expressly admitted herein, Defendants deny all remaining allegations of Paragraph

19  32 of the Complaint.

20                    **SECOND CLAIM FOR RELIEF**

21      **(False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

22      33.    In response to Paragraph 33 of the Complaint, Defendants repeat,

23  reallege and incorporate by reference their answers to Paragraphs 1-32 of the

24  Complaint as though fully set forth herein.

25      34.    Defendants deny the allegations of Paragraph 34 of the Complaint.

26      35.    Defendants deny the allegations of Paragraph 35 of the Complaint.

27      36.    Defendants deny the allegations of Paragraph 36 of the Complaint.

28      37.    Defendants deny the allegations of Paragraph 37 of the Complaint.

19574109.2
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

38.     In response to Paragraph 38 of the Complaint, Defendants admit that Plaintiff purports to seek injunctive relief and damages in this action, but deny that Plaintiff is entitled to any relief, including injunctive relief, in this action.  Except as expressly admitted herein, Defendants deny all remaining allegations of Paragraph 38 of the Complaint.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 et. seq.)

39.     In response to Paragraph 39 of the Complaint, Defendants repeat, reallege and incorporate by reference their answers to Paragraphs 1-38 of the Complaint as though fully set forth herein.

40.     Defendants deny the allegations of Paragraph 40 of the Complaint.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants deny the allegations of Paragraph 42 of the Complaint.

43.     Defendants deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants deny the allegations of Paragraph 44 of the Complaint.

45.     In response to Paragraph 45 of the Complaint, Defendants admit that Plaintiff purports to seek injunctive relief and damages in this action, but deny that Plaintiff is entitled to any relief, including injunctive relief, in this action.  Except as expressly admitted herein, Defendants deny all remaining allegations of Paragraph 45 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement under California Common Law)

46.     In response to Paragraph 46 of the Complaint, Defendants repeat, reallege and incorporate by reference their answers to Paragraphs 1-45 of the Complaint as though fully set forth herein.

47.     Defendants lack knowledge or information sufficient to form a belief about the allegations in Paragraph 47 and, on that basis, deny the allegations of Paragraph 47 of the Complaint.

1   48.   Defendants deny the allegations of Paragraph 48 of the Complaint.

2   49.   Defendants deny the allegations of Paragraph 49 of the Complaint.

3   50.   Defendants deny the allegations of Paragraph 50 of the Complaint.

4   51.   Defendants deny the allegations of Paragraph 51 of the Complaint.

5   52.   Defendants deny the allegations of Paragraph 52 of the Complaint.

6   53.   Defendants deny the allegations of Paragraph 53 of the Complaint.

7   54.   Defendants deny the allegations of Paragraph 54 of the Complaint.

8   **FIFTH CLAIM FOR RELIEF**

9   **(Unfair Competition under California Common Law)**

10   55.   In response to Paragraph 55 of the Complaint, Defendants incorporate

11   by reference its responses in Paragraphs 1-54, inclusive, above.

12   56.   Defendants lack knowledge or information sufficient to form a belief

13   about the allegations in Paragraph 56 and, on that basis, deny the allegations of

14   Paragraph 56 of the Complaint.

15   57.   Defendants deny the allegations of Paragraph 57 of the Complaint.

16   48.   Defendants deny the allegations of mis-numbered Paragraph 48 on

17   Page 12 of the Complaint.

18   49.   Defendants deny the allegations of mis-numbered Paragraph 49 on

19   Page 12 of the Complaint.

20   50.   Defendants deny the allegations of mis-numbered Paragraph 50 on

21   Page 12 of the Complaint.

22   51.   Defendants deny the allegations of mis-numbered Paragraph 51 on

23   Page 12 of the Complaint.

24   52.   In response to mis-numbered Paragraph 52 on Page 12 of the

25   Complaint, Defendants admit that Plaintiff purports to seek punitive damages in this

26   case, but deny that Plaintiff is entitled to any relief, including punitive damages.

27   Except as expressly admitted herein, Defendants deny all remaining allegations in

28   Paragraph 52 on Page 12 of the Complaint.

Case No. 2:23-cv-2051-SVW-PD

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

53.    Defendants deny the allegations of mis-numbered Paragraph 53 on Page 13 of the Complaint.

58.    In response to mis-numbered Paragraph 58 on Page 13 of the Complaint, Defendants admit that Plaintiff purports to seek injunctive relief and damages in this action, but deny that Plaintiff is entitled to any relief, including injunctive relief, in this action.  Except as expressly admitted herein, Defendants deny all remaining allegations of Paragraph 58 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion that rests with Plaintiff, Defendants hereby assert the following affirmative defenses.  Defendants reserve their right to assert additional defenses in accordance with the Federal Rules of Civil Procedure as its investigation into the facts and circumstances herein alleged continues.  Further, Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief requested in its Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

2.    Abercrombie's claims are barred, in whole or in part, because of the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE
### (Trademark Misuse)

3.    Abercrombie has engaged in trademark misuse by baselessly and falsely accusing Defendants of using counterfeits of the marks shown in the Asserted Registrations.

19574109.2
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.     Abercrombie has suffered no damages and/or has failed to mitigate its damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Nominative Fair Use)**

5.     Abercrombie's claims are barred, in whole or in part, because any use by Defendants of the marks shown in the Asserted Registrations was nominative and fair.

**SIXTH AFFIRMATIVE DEFENSE**

**(First Sale Doctrine)**

6.     Abercrombie's claims are barred, in whole or in part, on the grounds that there were previously authorized sales of Plaintiff's goods at issue; and accordingly, Defendants' alleged resale of Plaintiff's goods amounts to a resale by a later purchaser of the original product and is thus protected under the first sale doctrine and does not constitute trademark infringement or unfair competition.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

7.     Defendants' actions were innocent, undertaken in good faith, and non-willful.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.     Plaintiff's unreasonable delay in challenging the alleged infringement is prejudicial to Defendants and, as a result, Plaintiff's claims are barred in whole or in part under the equitable doctrines of laches and estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

9.     Through its actions and omissions, Plaintiff gave assurances to

19574109.2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  Defendants that it would not challenge Defendants' activities complained of herein,

2  causing prejudice to Defendants and, as a result, Plaintiff's claims are barred in

3  whole or in part under the equitable doctrine of acquiescence.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

6      10.   Plaintiff's claims are barred in whole or in part under the equitable

7  doctrine of estoppel.

## PRAYER FOR RELIEF

9      WHEREFORE, Defendants The Fragrance Outlet, Inc., Perf Opco, LLC and

10 Obsession Holdings, Inc. respectfully request that this Court enter judgment that:

11      1.   Plaintiff shall take nothing from this action;

12      2.   The Complaint be dismissed in its entirety with prejudice;

13      3.   This is an exceptional case and Defendants shall be awarded costs and

14 reasonable attorneys' fees; and

15      4.   Defendants shall be awarded such other and further relief as the Court

16 may deem just and proper.

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

Case No. 2:23-cv-2051-SVW-PD

19574109.2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  DATED:  May 22, 2023                HANSON BRIDGETT LLP

2

3

4                                      By:  ___/s/ Raffi V. Zerounian_____
                                            RAFFI V. ZEROUNIAN
5                                           GARNER K. WENG
                                            ROSANNA W. GAN
6

7                                           HONIGMAN LLP
                                            DEBORAH J. SWEDLOW
8                                           MARY A. HYDE
                                            JENNA E. SAUNDERS
9

10                                          ***Attorneys for Defendants***
                                            THE FRAGRANCE OUTLET, INC.,
11                                          PERF OPCO, LLC, and OBSESSION
                                            HOLDINGS, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-                                      Case No. 2:23-cv-2051-SVW-PD
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

**DEMAND FOR JURY**

2      Pursuant to Fed. R. Civ. P. 38 and Rule 38-1 of the Local Rules of the United

3 States District Court for the Central District of California, Defendants hereby

4 demand a trial by jury on all issues so triable that are raised herein or that

5 thereinafter may be raised in this action.

6

7 DATED:  May 22, 2023              HANSON BRIDGETT LLP

8

9

10                      By: _____ */s/ Raffi V. Zerounian* _____

                            RAFFI V. ZEROUNIAN

11                             GARNER K. WENG

12                             ROSANNA W. GAN

13                             HONIGMAN LLP

                            DEBORAH J. SWEDLOW

14                             MARY A. HYDE

15                             JENNA E. SAUNDERS

16

17                             ***Attorneys for Defendants***

                            THE FRAGRANCE OUTLET, INC.,

18                             PERF OPCO, LLC, and OBSESSION

                            HOLDINGS, INC.

19

20

21

22

23

24

25

26

27

28

                                           Case No. 2:23-cv-2051-SVW-PD

19574109.2      DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF